Douglas Q. Hahn (SBN 257559)
    dhahn@sycr.com
Jared A. Veliz (SBN 276191)
    jveliz@sycr.com
STRADLING YOCCA CARLSON & RAUTH, P.C.
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660-6422
Tel.: (949) 725-4000
Fax: (949) 725-4100

Demetrios Anaipakos (Will seek admission *pro hac vice*)
    danaipakos@azalaw.com
Amir Alavi (Will seek admission *pro hac vice*)
    aalavi@azalaw.com
Alisa A. Lipski (SBN 278710)
    alipski@azalaw.com
Brian E. Simmons (Will seek admission *pro hac vice*)
    bsimmons@azalaw.com
AHMAD, ZAVITSANOS, ANAIPAKOS, ALAVI & MENSING P.C.
1221 McKinney, Ste. 3460
Houston, TX 77010
Tel.: (713) 655-1101
Fax: (713) 655-0062
Email: alipski@azalaw.com

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AMERICAN VEHICULAR SCIENCES LLC, a Texas Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>TOYOTA MOTOR CORPORATION, a Japanese company; TOYOTA MOTOR SALES, U.S.A., INC., a California corporation,<br><br>Defendants. | CASE NO. 8:15-cv-01391<br><br>**AMERICAN VEHICULAR SCIENCES LLC'S COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY DEMAND** |

Plaintiff American Vehicular Sciences LLC, ("AVS" or "Plaintiff") hereby submits this Complaint against Defendants Toyota Motor Corporation and Toyota Motor Sales, U.S.A., Inc. (collectively "Toyota" or "Defendants") and states as follows:

## THE PARTIES

1. AVS is a Texas limited liability company, having a principal place of business at 2400 Dallas Parkway, Suite 200, Plano, Texas 75093.

2. On information and belief, Defendant Toyota Motor Corporation is a Japanese company with a principal place of business at 1 Toyota-cho, Toyota City, Aichi Prefecture 471-8571, Japan.

3. On information and belief, Defendant Toyota Motor Sales, U.S.A., Inc. is a California corporation with a principal place of business at 19001 S. Western Avenue, Torrance, California 90501. On information and belief, Toyota Motor Sales is responsible for distribution, marketing and sales of Toyota and Lexus branded automobiles in the United States.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, 35 U.S.C. §§ 101 et seq.

5. This Court has personal jurisdiction over Toyota due to its systematic and continuous contacts within this state. Among other things, on information and belief, Toyota, either directly or through intermediaries, regularly sells products and services into this judicial district and specifically, Orange County, and manufactures products intended to be sold and in fact sold into and within this judicial district and specifically, Orange County. Additionally, on information and belief, this Court has personal jurisdiction over Toyota because Toyota has committed and/or participated in the commission of acts within this judicial district and specifically, Orange County, giving rise to this action. Toyota has sold and

1  offered to sell infringing Toyota and Lexus branded automobiles through
2  authorized dealers located in this state and this judicial district and specifically,
3  Orange County.
4      6.    In particular, Toyota Motor Sales, which is responsible for
5  distribution, marketing and sales of Toyota and Lexus branded automobiles in the
6  United States, is a California corporation that is located in Torrance, California
7  within this judicial district.
8      7.    Infringement in this case relates to the presence of side-curtain airbags
9  in the Toyota and Lexus branded automobiles.
10     8.    Venue is proper in this federal district pursuant to 28 U.S.C.
11 §§1391(b)-(d) and 1400(b). A substantial part of the events or omissions giving
12 rise to this action have occurred in this judicial district and specifically, Orange
13 County. Infringement has occurred in this judicial district and specifically, Orange
14 County, and will continue to occur in this judicial district and specifically, Orange
15 County. Defendant Toyota Motor Sales, whose Toyota and Lexus branded
16 automobiles are accused of infringement, is a California corporation and has a
17 regular and established place of business in this judicial district. Defendants are
18 subject to personal jurisdiction in this judicial district and specifically, Orange
19 County.

**COUNT I: INFRINGEMENT OF U.S. PATENT NO. 9,043,093**

21     9.    On May 26, 2015, the United States Patent and Trademark Office
22 ("USPTO") duly and legally issued United States Patent No. 9,043,093 ("the '093
23 Patent"), entitled "Single Side-Curtain Airbag For Vehicles." David S. Breed is
24 the named inventor of the '093 Patent. AVS owns the '093 Patent and holds the
25 rights to sue and recover damages for infringement thereof.
26     10.    Upon information and belief, Toyota has infringed directly and
27 continues to infringe directly the '093 Patent in the state of California, in this
28 judicial district, and elsewhere within the United States. The infringing acts

1  include, but are not limited to, the manufacture, use, sale, importation, and/or offer
2  for sale of products and/or methods encompassed by the claims of the ' 093 Patent.
3  Toyota's infringement of the '093 Patent relates to the presence in its vehicles of
4  side-curtain airbags within the scope of the claims of the '093 Patent.

5      11.   On information and belief, the scope of infringement includes, but is
6  not necessarily limited to, at least the following vehicle models: 2015 Toyota
7  Yaris, 2015 Toyota Corolla, 2015 Toyota Camry, 2015 Toyota Avalon, 2015
8  Toyota Sienna, 2015 Toyota Tacoma, 2015 Toyota Tundra, 2015 Toyota RAV4,
9  2015 Toyota Venza, 2015 Toyota Highlander, 2015 Toyota 4Runner, 2015 Toyota
10 Sequoia, 2015 Toyota Land Cruiser, 2015 Toyota Prius, 2015 Lexus IS, 2015 and
11 2016 Lexus ES, 2015 Lexus GS, 2015 Lexus LS, 2015 Lexus NX, 2015 Lexus RX,
12 2015 Lexus GX, 2015 Lexus LX, 2015 Lexus RC, 2015 Lexus RCF, and 2015
13 Lexus CT.

14     12.   The acts of infringement by Toyota has caused damage to AVS, and
15 AVS is entitled to recover from these Defendants damages sustained by AVS as a
16 result of Defendants' wrongful acts in an amount subject to proof at trial, which by
17 law can be no less than a reasonable royalty.  The infringement of AVS's exclusive
18 rights under the '093 Patent by Defendants has damaged and will continue to
19 damage AVS.

20     13.   At least as early as its receipt of this Complaint, the Toyota has had
21 knowledge of the '093 Patent and written notice of the infringement.  AVS intends
22 to seek discovery on the issue of willfulness and reserves the right to seek a
23 willfulness finding and increased damages under 35 U.S.C. § 284 and attorneys'
24 fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## JURY DEMAND

26     14.   AVS hereby demands a trial by jury on all issues.
27 ///
28

Stradling Yocca
Carlson & Rauth
Lawyers
Newport Beach

-3-
**COMPLAINT FOR PATENT INFRINGEMENT**

## PRAYER FOR RELIEF

WHEREFORE, AVS requests entry of judgment in its favor against Defendants as follows:

    a.    A declaration that Defendants have infringed and are infringing the '093 Patent;

    b.    An award of damages to AVS arising out of Defendants' infringement of the '093 Patent, including enhanced damages pursuant to 35 U.S.C. § 284, together with prejudgment and post-judgment interest, in an amount according to proof;

    c.    An award of attorneys' fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law; and,

    d.    Granting AVS its costs and further relief as the Court may deem just and proper.

DATED: September 1, 2015    STRADLING YOCCA CARLSON & RAUTH, P.C.

By: */s/ Douglas Q. Hahn*_____
     Douglas Q. Hahn